IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action 2:19-00230-KD-N |
| ) | |
| TONYA LEWIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on Defendant Tonya Lewis' motion for release to home confinement pursuant to the First Step Act, Pub. L. No. 115-391, § 602, 132 Stat. 5194, 5239 (2018), and documents in support (doc. 37). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Lewis was indicted for the offenses of embezzlement of federal housing and urban development funds (Count One) and access device fraud (Count Two) (doc. 1). Lewis pled guilty to Count Two of the Indictment (doc. 33). On February 21, 2020, she was sentenced to serve twenty-four months in prison (Id.). Her release date is December 25, 2021.

At the time she filed her motion, Lewis was incarcerated at FCI Aliceville in Aliceville, Alabama. According to her motion, she is scheduled for transfer to the Residential Reentry Center in Montgomery, Alabama on September 1, 2021.

Lewis moves the Court to release her to home confinement for the remainder of her sentence, in lieu of the transfer. As grounds, Lewis states that she has behaved well while in prison, maintained employment, taken many classes in aid of rehabilitation, and is not a threat to society. She also states that she is deeply sorry for her actions. Lewis also states that she needs

to be home to help her ailing mother care for Lewis' children.  The documents in support of Lewis' motion indicate that her risk assessment is low to minimum (doc. 37-1, doc. 37-3).

Title 18 U.S.C. § 3624(c) applies to prerelease custody. In relevant part, the statute provides as follows:

> **(**1) In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority. The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c).

By statute, the authority to place Lewis on home confinement as a prisoner with lower risk levels is granted to the Director of the Bureau of Prisons, not the Court.  Since the Court does not have authority to place Lewis on home confinement for the remainder of her sentence, the Court cannot grant the relief she seeks. Accordingly, her motion is due to be denied.

DONE this the 9th day of September 2021.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**
